# Barnett *et als. v.* Proskauer & Co.

## Certificate of Acknowledgment of Deed.

1. *Certificate of acknowledgment; how may be impeached.*—The official certificate of acknowledgment of a deed, conforming substantially to the requirements of the statute, is presumed to be true, and is protected by the presumptions which the law indulges in favor of official probity. The burden of proof rests on those who assail its truth, and it can be impeached only by clear and convincing evidence of its falsity.

2. *Evidence; what admissible.*—While evidence from parties to a suit, impeaching acts certified by an officer of the law, is jealously and carefully scrutinized, it is admissible to show the falsity of the certificate; and when full and direct, is entitled to the same weight as would be accorded to the testimony of any other interested witness.

APPEAL from Henry Chancery Court.

Heard before Hon. N. S. GRAHAM.

The appellee, A. Proskauer, filed this bill against the appellant, Rebecca L. Barnett and others, and sought thereby to have corrected an alleged mistake in the description of certain land, which he claims under a writing purporting to be a deed from the appellant, Rebecca L., and also in certain other deeds from parties under whom said Rebecca claims title, and also to remove the cloud from the title to said lands caused by certain mortgages given by said Rebecca. The mortgagees under these mortgages were made parties defendant, and some of them filed cross-bills, praying a foreclosure of their respective mortgages; but in the view which the court took of the case, these cross-bills need not be further noticed.

In the answer of the appellant, Rebecca L., she flatly denied the execution of the deed from herself under which complainant claimed, and also denied that she ever gave any one power or authority to sign a deed conveying said lands. On the trial of the cause, the complainant introduced what purported to be a fee simple deed of the lands in controversy, made by the appellant, R. L. Barnett, and acknowledged before John F. Iverson. a commissioner of deeds for the State of Alabama, residing in Georgia. The only evidence, other than the deed, as to its execution, was the testimony of the appellant, R. L. Barnett, and her husband. Interrogatories

were propounded to them jointly, and they were required to look at an exhibit to the interrogatories, which is a copy of a deed which is the foundation of the complainant's suit in the above stated cause, and then state whether the witness, Rebecca L. Barnett, signed her name to said deed. She answered: "Having looked at 'Exhibit A.,' she says she never signed said deed; that she has never seen or signed any such deed." In her subsequent testimony, she denies that she ever acknowledged the deed before the commissioner, or ever knew of its existence before the commencement of this suit.

Morris E. Barnett, her husband, admits that he signed her name to the conveyance, without her knowledge or assent, and that he made the acknowledgment before the commissioner.

The Chancellor decreed the reformation of the deed as prayed for, and from that decree the appellants bring the case here by appeal.

OATES & DENT, for appellants.

HENRY R. SHORTER, and D. M. SEALS, contra.

BRICKELL, C. J.—There can be no doubt that an official certificate of the acknowledgment or probate of a deed, conforming substantially to the statute, is presumed to be true, and authorizes the deed to be read in evidence as if the execution had been proved by the subscribing witnesses, or if there are none, by evidence of the handwriting of the grantor. If the execution of the deed was shown in the latter mode, countervailing evidence would be admissible. It could be shown that the subscribing witnesses had testified falsely, or that they were mistaken, or that the witnesses had no knowledge of the grantor's handwriting, or if they had, that they erred in supposing the signature to the deed was genuine. The certificate of acknowledgment, or of probate, taking the place of proof by the subscribing witnesses, or of the handwriting of the grantor, may also be contradicted, and parol evidence is admissible to falsify it. It is an official act, done under the obligation of an official oath, and protected by the presumptions the law necessarily indulges in favor of the acts of its own officers. The burden of proof is on those who assail the verity of the certificate, and it can be successfully impeached only by clear and convincing evidence that the deed was not executed by the grantor, when the issue is limited, as in the present case, to the fact of execution.

These were the views of the Chancellor, but he reached the conclusion the proof was not strong enough to remove

the presumption of verity which the law attaches to the cer-certificate of acknowledgment of the deed under which the appellee claims. In arriving at that conclusion, he seems to have supposed the proper construction of the evidence of Mrs. Barnett, the grantor, was that she did not sign the copy of the deed exhibited to her. We cannot think her evidence is susceptible of that construction. The interrogatory she is answering, requires her to look at an exhibit which is stated to be a copy of the deed, and answer not whether she signed the exhibit, but whether she " signed her name to said deed." The answer is direct and positive, that *she never signed*, not the copy, but *said deed*. And she states further that she has *never seen or signed any such deed*. Affirming as positively that she *had never seen*, as she does that she *had never signed ;* an affirmation it cannot be supposed she would make, or was making, in reference to a paper at which she was· then looking. Her testimony throughout is a clear and unequivocal denial of the execution of the deed, and of all knowledge of its existence until the commencement of this suit. She is corroborated by the evidence of her husband, who confesses having signed the deed in her name, without her knowledge or consent, and also, that he made the acknowledgment certified by the commissioner. The commissioner was not examined, and the appellee offered no evidence in support of the certificate. Evidence of this character, in contradiction of acts certified by officers of the law, proceeding from the parties in interest, is undoubtedly attended with great risks. The law admits it, and all the courts can do is to scrutinize it carefully. If it is full and direct, it is entitled to the same credit which would be given to the evidence of the other witnesses whose credibility was affected only by reason of interest.

It is said in argument, that the commissioner ought to have been examined by the parties impeaching the truth of his certificate. This examination, it seems to us, ought to have been at the instance of the appellee, who was forewarned of the necessity for it, by the explicit denial in the answer of Mrs. Barnett of the execution of the deed. Common prudence would have suggested to the appellee the necessity of such examination ; and if any presumption arises from the absence of his evidence, it is against rather than in favor of the appellee. It is imputing to him a singular want of diligence to presume that he never made inquiries of the commissioner as to the truth of the certificate, when he knew it was assailed by pleading, and impeached by evidence flatly and fully contradicting it. We cannot, without disregarding the evidence, conclude that the execution of the deed under

[Wood v. Lake.]

which the appellee deduces title, is not fully and clearly disproved, and the certificate of the commissioner falsified.

The decree of the Chancellor must be reversed, and a decree rendered here dismissing the bills, original and amended, of the appellee at his costs in the Court of Chancery. The several cross-bills must be dismissed at the costs of the respective complainants therein. The costs of this appeal must be paid by the appellee.