# Orendorff *v.* Suit, *et al.*

*Bill to Foreclose Mortgage.*

(Decided June 2, 1910.   52 South. 744.)

1. *Acknowledgment; Conclusiveness of Certificate.*—Taking and certifying an acknowledgment is a judicial function and where the certifying officer acquires jurisdiction by having the grantors and the instrument to be acknowledged before him, and enters upon the exercise of his jurisdiction, the resulting certificate is conclusive of the truth of all the facts therein stated which the officer is by law authorized to state unless such certificate is successfully assailed for duress, or for fraud, participated in by the grantee, or brought to his notice when parting with his consideration.

2. *Same; Jurisdiction to Take.*—The casual presence of putative grantor, and the possession of an instrument purporting to have been signed are not of themselves sufficient to confer jurisdiction upon the certifying officer, but there must be an acknowledgment in some form by the grantor of the instrument signed.

3. *Same; Certificate; How Impeached.*—Much weight is accorded the official certificate of acknowledgment and it may not be impeached except by clear and convincing proof of its falsity.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Eliza A. Orendorff against W. R. Suit and others, to foreclose a mortgage. Decree for respondent and complainant appeals. Affirmed.

F. E. ST. JOHN, for appellant. The amended answer and cross bill denies the execution of the mortgage and should have been sworn to.—*Noble v. Gilliam,* 136 Ala. 618. In the absence of fraud or duress the certificate of acknowledgement is conclusive of the facts therein stated.—*Gryder v. Mortgage Co.,* 99 Ala. 281; *Giddens v. Bolling,* 99 Ala. 319; *Am. F. L. Mtg. Co. v. James,* 105 Ala. 347; *Ginwright v. Nelson,* 105 Ala. 399; *Chen- ey v. Nathan,* 110 Ala. 254; *Thompson v. Mtg. Co.,* 110 Ala. 400; *Miller v. Marx,* 55 Ala. 322; *Barnett v. Proskauer,* 62 Ala. 486; *Reid v. Rowan,* 107 Ala. 266.

WERT & LYNN, for appellee. A cross bill is not gov- erned by section 5332, Code 1907, and hence, need not be sworn to. The acknowledgment is void because the party who took it was the attorney for the grantee.— *Hayes v. Southern H. B. & L. Assn.,* 124 Ala. 663; *Mad- dox v. Wood,* 43 So. 968. The officer was without ju- risdiction in this instance.—*Cheney v. Nathan,* 110 Ala. 254; *Chattanooga N. B. & L. Assn. v. Vaught,* 143 Ala. .389, and authorities there cited.

SAYRE, J.—Appellant filed her bill to foreclose a mortgage. The mortgaged property constituted the homestead of the mortgagees, and notwithstanding the mortgage purported to have been signed and acknowl- edged by the wife in due form appellees defended on the ground—along with another which need not be consid- ered—that the mortgage had not in fact been executed or acknowledged by the wife as required by the statute in such cases.

It is the settled law of this jurisdiction that the tak- ing and certification of an acknowledgment is a judicial function, and when the certifying officer acquires ju- risdiction by having the grantor and the instrument to

[Orendorff v. Suit, et al.]

be acknowledged before him, and enters upon the exercise of his jurisdiction, the resulting certificate is conclusive of the truth of all those facts therein stated which the officer is by law authorized to state, until successfully assailed for duress or fraud participated in by the grantee or brought to his notice when parting with the consideration.—*Grider v. Mortgage Company,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; *Giddens v. Bolling,* 99 Ala. 319, 13 South. 511; *Mortgage Company v. James,* 105 Ala. 347, 16 South. 887; *Jinwright v. Nelson,* 105 Ala. 399, 17 South. 91; *Cheney v. Nathan,* 110 Ala. 254, 20 South. 99, 55 Am. St. Rep. 26; *Thompson v. Mortgage Company,* 110 Ala. 400, 18 South. 315, 55 Am. St. Rep. 29. The mere casual presence of a putative grantor and the possession of an instrument purporting to have been signed are not sufficient to confer jurisdiction. There must be an acknowledgment in some form by the grantor of the instrument signed. Much weight is to be accorded to an official certificate of acknowledgment, and it may be impeached only by clear and convincing proof of its falsity.—*Barnett v. Proskauer,* 62 Ala. 486.

On consideration of the evidence the chancellor was of opinion, and so decreed, that the alleged mortgage had not been signed by the wife, nor had it been acknowledged by her as required by law. We do not deem it necessary to discuss the evidence. After considering the decided cases which we have noted above, and after reading the evidence in consultation, this court thinks that the chancellor's decree should not be disturbed. It is accordingly so ordered.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.