# Byrd *v.* Bailey, *et al.*

### *Ejectment.*

(Decided Nov. 15, 1910. 53 South. 773.)

1. *Acknowledgments; Authority to Take.*—A justice of the peace has no authority to take and certify his own acknowledgments to a deed executed by him, and the deed is void.

2. *Same; Nature of Act.*—The taking and certification of an acknowledgment is a judicial act.

3. *Ejectment; Title of Plaintiff.*—In ejectment a plaintiff must recover on the strength of his own title.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by M. F. Byrd against Dock Bailey and others. Judgment for defendants and plaintiff appeals. Affirmed.

BARNETT & BUGG, for appellant. The tax deed to William Sawyer was clearly a good and valid tax deed. *Lowe v. Martin*, 79 Ala. 366. Where a dividing fence is run between the two lines with no intention to claim up to the dividing line, the possession is not adverse to the adjoining owner, nor can it from length of time give title as against the adjoining owner.—*Brown v. Cockerell*, 33 Ala. 38; *Alexander v. Wheeler*, 69 Ala. 332; *Taylor v. Fonby*, 116 Ala. 621; *Hess v. Rudder*, 117 Ala. 525. The deed should have been admitted and the jury should have been left to determine under proper instructions whether the holding was adverse.—*Farmer v. Eslava*, 11 Ala. 1028; *Herbert v. Hanrick*, 16 Ala. 581; *Benje v. Craig*, 21 Ala. 151. The burden was on the defendant to prove possession under hostile claim to the true owner for the length of time necessary and the other requisite elements of adverse possession.—*Alexander v.*

*Wheeler, supra; Dothard v. Denson,* 72 Ala. 544; *Robinson v. Allison,* 97 Ala. 596; *Newton v. L. & N.,* 110 Ala. 474. Charges 1 and 2 should have been given.— *Murray v. Hoyle,* 97 Ala. 590.

W. B. MERRILL, and HUGH H. McCLELLAND, for appellee. The deed was properly admitted as color of title but denied effect as muniment of title.—*Smith v. Cox,* 115 Ala. 503. The acknowledgement was defective on account of omission.—*Jackson v. Kirksey,* 110 Ala. 547. It was void because the acknowledgment was taken by the person executing the deed. The Code of 1907, was not retroactive so as to make a deed executed while another was in possession good.—*Carr v. Miller,* 49 So. 802.

SAYRE, J.—Statutory action in the nature of ejectment for a strip of land 40 yards wide and lying along the east side of N. W. ¼ of the N. W. ¼ of section 6, township 5, range 7, in Monroe county. The action was brought on March 5, 1909. Plea of the general issue. At the conclusion of the evidence the court gave the general affirmative charge for the defendant.

Plaintiff and defendant Jones—Bailey being in possession as Jones' tenant—were coterminous owners. Plaintiff claimed under a deed from P. M. Byrd, of date December 17, 1898. At the time of plaintiff's purchase, and as well before and since, there was a fence which purported to divide the lands of plaintiff on the west and defendant on the east; the strip in controversy lying on defendant's side of the fence and being cultivated by him. In order to make out his case it was necessary for the plaintiff to show a continuous chain of title back to some grantor in possession, to a source of title common to plaintiff and defendant, or to the United States. Plaintiff and those under whom he deraigned title had

been in possession of the remainder of the quarter section; but there is a clear failure of the evidence to show that either plaintiff or his predecessors in title had ever been in possession of the strip in controversy. In fact, the contrary appears. There was no effort to trace title back to a common source. The effort was to trace title back to the government. But that effort failed in several particulars. It will suffice to mention one.

Plaintiff's title ran back to William Sawyer. Sawyer had bought the entire quarter section at a tax sale. At that time one Brown was in possession of so much of the tract as lay upon plaintiff's side of the fence. Sawyer undertook to make a deed to Brown. No witness attested the execution of the paper.—Code 1907, § 3355. But Sawyer, who was a justice of the peace, certified to his own acknowledgment of its execution. It is the settled doctrine of this court that the taking and certification of an acknowledgment is a judicial act.—*Grider v. Am. Freehold Mortgage Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58. And public policy forbids that the act of taking and certifying be done by an officer interested in the conveyance.—*Hayes v. Southern Home B. & L. Asso.,* 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216. Ex necessitate the act to be done implies two parties. No man can be a judge in his own case. The deed in question was void.—*Davis v. Beazley,* 75 Va. 491. Thus plaintiff's chain of title back to the United States is broken, and upon this consideration, not to mention others, the court below, standing by the rule that a plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary's, was justified in giving the general charge for defendant.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.