[Gilley, et al. v. Denman.]

# Gilley, *et al. v.* Denman.

*Ejectment.*

(Decided December 4, 1913.   64 South. 97.)

1. *Appeal and Error; Assignment; Joint; Review.*—Where one of defendants was not a party to the judgment and appealed nominally, his joinder and assignments of error with the appealing defendant will be regarded as redundant and without prejudice to a consideration of the assignments on their merit.

2. *Same; Waiver.*—An assignment of error is waived if not insisted upon in brief or oral argument.

3. *Same; Harmless Error; Evidence.*—The admission of evidence that a grantee was not in possession at a certain time could not have affected the case, and hence, will be held to be harmless.

4. *Same; Presentation Below; Necessity.*—The objection that a witness was incompetent cannot be considered on appeal where the competency of the witness was not challenged on the trial.

5. *Homestead; Conveyance; Wife's Signature; Duress.*—Where the signature of the wife to the deed to the homestead was obtained by fraud or duress of the husband and grantee, the husband and wife are not precluded from recovering the land except as against a bona fide purchaser from the grantee.

6. *Same; Bona Fides.*—Where defendants claim under a deed from plaintiff and his wife, it was competent to show that the grantee paid nothing for the homestead conveyed, as affecting his own right, and contingently that of his grantee, to protection as a purchaser for value.

7. *Ejectment; Evidence.*—Where a scheme on the part of plaintiff and his grantee to coerce plaintiff's wife to sign the deed was shown, the acts of plaintiff in that behalf were admissible against the grantee or his privies, whether he was present or not.

8. *Same.*—Where defendants claim under a deed from plaintiff's grantee executed in August, 1910, evidence that such grantee was in possession in March, 1911, was immaterial.

9. *Same.*—Where the issue was whether plaintiff's wife had executed the deed under which defendants claim through fraud or duress, she could not be permitted to testify that she did not want to sign the deed.

10. *Same; Instructions.*—Where defendants claimed under a deed from plaintiff and his wife, and the wife testified that she was induced to sign the deed by threats and duress on the part of her husband and the grantee, a charge asserting that under such circumstances the deed could be set aside, is applicable to the evidence, nor did it undertake to state the burden or measure of proof.

11. *Trial; Reception of Evidence; Objection.*—Where the fact was relevant but the mode of proof was not competent, the court will not be put in error for overruling a general objection thereto, or an objection that it is not relevant.

12. *Same; Instructions; Specifying Objections.*—Where the instructions were in part plainly correct an exception to the entire instruction was properly overruled.

13. *Deeds; Validity; Duress.*—Where the wife of the grantor signed a deed under coercion by her husband and the grantee in the deed, the deed will be void, although acknowledged by her before the justice of the peace as her voluntary act.

14. *Vendor and Purchaser; Bona Fide; Notice; Consideration.*—One who purchases land with notice that the deed to his grantor was obtained by fraud or duress, or with knowledge of such fact as would put him upon inquiry, or one who pays no consideration therefor, cannot defend a suit to recover the land by the grantor in the invalid deed.

15. *Acknowledgment; Certificate; Impeachment; Fraud.*—It is not essential to the impeachment of a certificate of acknowledgment to a deed that the certifying officer should participate in the fraud or duress practiced upon the grantor.

16. *Same; Conclusiveness.*—A certificate of acknowledgment to a deed is conclusive as to the facts and circumstances of the acknowledgment. and, as to a bona fide purchaser for value, conclusive as to the voluntary execution of the deed. but as to others, the voluntary nature of the deed may be denied.

17. *Charge of Court; Misleading.*—Where charges are supposed to be misleading, the remedy is to request an explanatory charge, and the court will not be put in error otherwise.

APPEAL from Cleburne Circuit Court.

Heard before Hon. E. J. GARRISON.

Ejectment by J. A. Denman against W. L. Gilley and J. A. Brown. Judgment for plaintiff, and defendants appeal. Affirmed.

The issues raised are sufficiently stated.

The following are the first six assignments as to evidence: (1) Overruling defendant's motion to exclude the testimony of Mrs. Denman, "Yes, sir; I reckon it was; I can't read or write, but I reckon I put it here," in answer to the question, "Was your name put to any paper, do you know?" (2) Overruling defendant's motion to exclude testimony of same witness, "Well, he wanted my husband to give him a deed to the land, and

he could get money on it, and run a mule pen, and go halves, and I refused to sign it, and they threatened to abandon me and the children." (3) Objection to the answer of same witness: "My children were then present. My husband threatened me, and Gilley told me he would abandon me and the children, and he would never help me, and we could not get along." (4) Testimony of same witness: "My husband told me that if I did not sign the deed to that land he would have John Brown sell it out from under me, and would abandon me and the children." (5) Question to same witness: "What was done then?" Answer: "He wanted to know if I was going to sign the deed, and I told him no I was not." (6) Answer of same witness: "He said he would make me do it. If I did not sign it, he would quit me and the children, and also told me he would whip me if I did not sign it." The other assignments appear from the opinion.

The following charges were given at plaintiff's request:

"(1) Even if the jury should believe from the evidence that Gilley and Denman designed to execute the deed for the purpose of defrauding creditors, yet if Mrs. Denman did not participate in such design, and if you should further believe that Mrs. Denman executed said deed under coercion from Denman, participated in by Gilley, before the execution of the deed, and that Brown knew of or was put on notice of the transaction between the Denmans and Gilley, such as would have informed him of such coercion, your verdict should be for plaintiff.

"(2) I charge you that if such threats were made by Denman and Gilley, or by Denman alone, of which Gilley knew before he received his deed, as overcame the mind and volition of Mrs. Denman so as to cause her

to execute the deed to Gilley, then it would be void even if she went before the justice of the peace, and acknowledged that she signed it of her own free will and accord, and no title passed to the defendant generally, if Brown had notice of such threats, and of the circumstances under which Mrs. Denman signed the deed, or had such notice as to put him on inquiry, which, if pursued, would have informed him of such threat.

"(3) If you believe from the evidence that the deed from Denman to Gilley is void, and that no consideration passed from defendant Brown to Gilley, the deed to Brown is void, and your verdict should be for the plaintiff."

MERRILL & VANN, for appellant. The burden was upon plaintiff to show by clear, convincing and conclusive proof that Gilley participated in the duress or had knowledge of same before he accepted the deed, and the court was in error in its charge on this proposition. *Van Cleave v. Wilson*, 73 Ala. 384; *Pratt L. I. Co. v. McCain*, 135 Ala. 452. The court erred in instructing that the deed should be set aside on account of duress. —5 Cyc. 720; *Ely v. Pace*, 139 Ala. 293, and authorities cited. On the question of duress and its effect see *Miller v. Moritz*, 55 Ala. 322; *Smith v. McGuire*, 67 Ala. 34. The preponderance of the evidence is not sufficient to overturn the certificate of acknowledgment of a proper officer in proper form.—*Barnett v. Proskauer*, 62 Ala. 486; *Smith v. McGuire, supra*; 1 Cyc. 623; *Whittaker v. State*, 106 Ala. 30. On these authorities, it is insisted that the court is in error in its admission of evidence, and in the charges given and refused.

BLACKWELL & AGEE, for appellee. Gilley was not a party defendant, did not appeal, and hence, the assign-

ments of error cannot be sustained as they are jointly assigned.—*Johnson, Nesbitt & Co. v. First Nat. Bank,* 145 Ala. 378; 2 Cyc. 759; *Hunt v. Houtz,* 67 Ala. 36; *May v. Courtney,* 47 Ala. 185; *Hayes v. Kolsky,* 104 Ala. 418. A part of Brown's chain of title was a deed from the Denmans to Gilley showing that Mrs. Denman signed by mark with one attesting witness, and with this deed out defendant had no case.—Secs. 3355, 3357, 3361 and 4161, Code 1907. The order of testimony is within the discretion of the trial judge.—3 Enc. of Evid. 422. The exception embraced parts of the oral charge which were plainly correct, and there was no error in overruling the objection.—*L. & N. v. Bogue,* 58 South. 396. The court was correct in ruling that the acknowledgment was conclusive that the signature and assent were voluntary unless impeached for fraud or duress.—*Graham v. Anderson,* 42 Ill. 515; 78 Ala. 284; 26 Ala. 44. The certificate can be attacked for fraud or duress of which the grantee had knowledge before he paid the consideration, or in which he participated.—*Orendorff v. Suit,* 167 Ala. 564; *Grider v. Am. F. L. & M. Co.,* 99 Ala. 281; *Mogg v. Strang,* 69 Ala. 98. On these authorities it is insisted that no error of a material nature infected the judgment.

SOMERVILLE, J.—The appellee brought an action of ejectment against W. L. Gilley in August, 1910. In September, 1911, John A. Brown, on his own motion, was "made defendant in this case instead of W. L. Gilley," as the judgment entry recites. The bill of exceptions shows that only one defendant participated in the trial, and reserved exceptions to the rulings of the court, and the judgment is "that the plaintiff, J. A. Denman, have and recover of the defendant, John A. Brown, the land sued for," etc. The appeal, as shown

by the bond and certificate in the transcript, was taken and is prosecuted jointly by W. L. Gilley and J. A. Brown; and all alleged errors are *jointly* assigned by them. Had the judgment run against Gilley and Brown jointly, the assignments of error could not be sustained as to Gilley; and, if bad as to him, they would be overruled as to both appellants. This is a rule of appellate practice often declared and constantly enforced by this court.—*McGehee v. Lehman, Durr & Co.,* 65 Ala. 316; *Kimbrell v. Rogers,* 90 Ala. 346, 7 South. 241; *Beacham v. A. S. P. Mfg. Co.,* 110 Ala. 555, 18 South. 314; *Davis v. Vandiver,* 160 Ala. 454, 49 South. 318, and numerous other authorities. We are of the opinion, however, that where, as here, one of the nominal appellants was not a party to the judgment, his joinder in the other's assignments of error should be simply disregarded as redundant and immaterial, and without prejudice to the consideration of the assignments on their merits.

The land in suit was the homestead of plaintiff, and defendant's claim is founded upon a deed executed by plaintiff and his wife to W. L. Gilley, who in turn executed a deed to defendant. There is no defect in the form of the deed or its certificate of acknowledgment, but its validity is impeached by plaintiff on the ground of fraud or duress in the procurement of the wife's signature and acknowledgment, participated in by both himself and the grantee. This was the primary issue in the case, and if plaintiff affirmatively established this contention, he was entitled to a verdict, unless defendant showed that he was a purchaser for value from Gilley. In that event plaintiff could have recovered only upon his showing that defendant purchased with knowledge or notice of the infirmity of Gilley's deed.—*Ely v. Pace,* 139 Ala. 293, 35 South. 877; *Moog v. Strang,* 69 Ala. 98.

The first 13 assignments of error are based on the admission of testimony against defendant's objection. The issues involved a consideration of the circumstances accompanying and leading up to the execution of the deed by Mrs. Denman, and of acts of coercion on the part of her husband and of Gilley, the grantee. As there was ample evidence for a finding by the jury that there was a confederated scheme on their part to coerce Mrs. Denman to that end .by fear, force, or fraud, the acts of the husband in that behalf were admissible against Gilley or his privies, whether he was present or not.

The first six assignments are without merit, since the testimony admitted was relevant to the issues.

It was proper for plaintiff to show that Gilley paid nothing for the homestead deeded to him, as affecting his own right to protection as a purchaser. for value, and contingently that of Brown also. Mrs. Denman's statement that they never received a penny for the land was relevant, and there was no other specification of objections to its admissibility. The witness' competency was not challenged then, and the question cannot be raised here.

Gilley's deed to defendant Brown was executed in August, 1910. That Gilley was not in possession of the land in March, 1911, was wholly immaterial, but. the admission of plaintiff's evidence to that effect could not have affected the case in any way, and was not reversible error.

It was not competent for Mrs. Denman to testify that she "did not want to sign the deed," but the court was not in error in overruling a general objection to it, or the objection that it was irrelevant. The fact was relevant, even though the mode of proof was bad.

The thirteenth assignment does not exhibit a reversible error, but in any case it is waived by appellant's failure to argue it.

In the oral charge to the jury the court stated that the deed executed by the woman under the circumstances narrated by her would be invalid, and would be set aside.   As applied to Mrs. Denman's testimony, the charge was clearly proper; the credibility of her statements being submitted to the jury.   The jury could not have been misled, as supposed by appellant.

The court did not undertake to state the burden or measure of proof in that part of its charge.

Appellant's exception to another part of the oral charge, which included, among other things, the statement that the burden was on defendant, if plaintiff proved the alleged duress, to show that he was an innocent purchaser, should have been confined to this particular proposition.   The other statements included in the exception were, on the evidence before the court, very plainly correct, and hence the exception was properly overruled.

The special charges given at the request of plaintiff are correct statements of the law.

It is not essential to the impeachment of a certified acknowledgment that the certifying officer should participate in the fraud or duress practiced upon the grantor, and none of our decisions have so held.   See *Orendorff v. Suit,* 167 Ala. 564, 52 South. 744, and cases cited.

There is a manifest distinction in fact between the impeachment of the *certificate* of acknowledgment, and the impeachment of the *acknowledgment* merely. If the grantor comes before the officer, and in any way acknowledges his execution of the deed, jurisdiction is acquired, and the certificate has the force and effect of a judgment which cannot be impeached at all as against a bona fide purchaser for value.—*Grider v. A. F. L. M. Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58.

[Gilley, et al. v. Denman.]

The officer does not certify that the grantor executed the instrument voluntarily, but only that he *acknowledged* that he had done so. The fact and circumstances of the *acknowledgment* are conclusively shown by the certificate in the case above stated, but the voluntariness of the execution is another question.

The grantor's acknowledgment, however, whether voluntary in fact or not, estops him from self-contradiction in that regard as against any purchaser, immediate or remote, who pays value for the property without knowledge or notice of its falsity.

The impeachment of the certificate is in effect the impeachment of a quasi judgment. The impeachment of the acknowledgment, as to voluntariness, presents an ordinary issue of fact resting in parol.

Cognizance of this distinction will perhaps serve to explain and harmonize the numerous statements to be found in the long line of our cases dealing with the several aspects of this question. See *Barnett v. Proskauer,* 62 Ala. 486; *Miller v. Marx,* 55 Ala. 322; *Smith v. McGuire,* 67 Ala. 34; *Moog v. Strang,* 69 Ala. 98; *Grider v. A. F. L. M. Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; *Sellers v. Grace,* 150 Ala. 181, 43 South. 716; *Russell v. Holman,* 156 Ala. 432, 47 South. 205.

The special charges referred to do not include any instruction to the jury as to the measure of proof required for the impeachment of the acknowledgment for fraud or duress on the part of the grantee, and we need not therefore notice appellants' criticisms of them in that regard.

If they were misleading in not specifying that Brown's knowledge of the fraud or duress practiced on Mrs. Denman must, to be effective, have preceded his payment of a valuable consideration for the deed he received from Gilley, the proper remedy was an explanatory charge.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.