(91 South. 867)

## LOGAN et al. v. CHASTANG et al.
### (1 Div. 183.)

(Supreme Court of Alabama. Dec. 22, 1921.)

1. **Deeds ⬪196(2)—To cancel deed for fraud, burden of proof on complainants.**

In an action to cancel a deed for fraud, the burden of proof is on complainants.

2. **Acknowledgment ⬪55(1)—Notary's certificate, unless impeached, conclusive of facts stated.**

The certificate of the notary, unless and until successfully impeached, is conclusive of the facts therein stated which the officer is by law authorized to state.

3. **Acknowledgment ⬪62(2)—To impeach certificate, evidence must be clear.**

To impeach a notary's certificate, the evidence ought to be clear and convincing, reaching a high degree of certainty, leaving upon the mind no fair, just doubts.

4. **Appeal and error ⬪837(10)—Answers to interrogatories not offered in evidence not considered.**

In an action to cancel a deed for alleged fraud, where the notary taking the acknowledgment was interested in the transaction, and interrogatories were filed to him under Code 1907, § 3135, but his answers were not offered in evidence by complainants, who alone under section 3138, had the right to do so, the interrogatories cannot be considered on appeal.

5. **Acknowledgment ⬪62(2) — Where record did not disclose interest of notary, an agent of defendant, taking acknowledgment absence of his testimony weighs against defendant.**

In an action to cancel a deed for alleged fraud, where the facts showed that the notary taking the acknowledgment was an agent of defendant, but the record did not show that the notary was so interested in the instrument purporting to be a conveyance from complainants to defendant as to disqualify him to take the acknowledgment, the absence of the notary's testimony must weigh against defendant.

6. **Principal and agent ⬪158—That principal did not actually participate in fraud of his agent he is liable where he is grantee in fraudulent deed.**

In an action to cancel deed for alleged fraud, it cannot avail defendant that he did not actually participate in the fraud imputed by the testimony to his agent, as the principal was responsible therefor so long as he stood as grantee under the fraudulent deed.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Edward Chastang and others against John E. Logan and another to cancel and annul a deed for fraud. Decree for complainants, and respondents appeal. Affirmed.

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gaillard, Mahorner & Arnold, of Mobile, for appellants.

The burden was on the complainants all the way through; they are parties in interest and have not carried the burden. 172 Ala. 665, 55 South. 293. The deed was duly acknowledged before notary public, and is self-proving, and the testimony should be clear, convincing, and conclusive, before it is overturned. 99 Ala. 284, 12 South. 775, 42 Am. St. Rep. 58; 167 Ala. 563, 52 South. 744; 67 Ala. 34.

Brooks & McMillan, of Mobile, for appellees.

Equity will cancel a deed procured by fraud, and this was fully shown by the evidence. 191 Ala. 175, 67 South. 983; 20 Cyc. 32. Reichert was bound by Logan's acts. 180 Ala. 119, 60 South. 143. Equity protects the weak and ignorant against imposition by the strong and intelligent. 191 Ala. 263, 68 South. 17; 150 Ala. 294, 43 South. 746; 173 Ala. 175, 55 South. 492. Under the circumstances of this case, the burden was on the grantee to show that the transaction was fair. 168 Ala. 332, 52 South. 916, Ann. Cas. 1912A, 702; 133 Ala. 428, 31 South. 982, and authorities supra.

SAYRE, J. The Chastangs filed the bill in this cause against John E. Logan and J. H. Reichert, praying for the cancellation of an instrument of writing purporting to convey from complainants to defendant Reichert several hundred acres of land in Mobile county. Defendants have found it necessary to appeal.

Complainants contend that Logan, as agent for Reichert, procured them to execute the deed in controversy, falsely and fraudulently representing to them that it was an agreement to the effect that Logan was to recover and clear up the title to the tract which complainants had inherited from their father, and on which they, or some of them, resided at the time—though a part of the tract, it seems, was in the possession of another Chastang claiming adversely to complainants—that the land recovered was to be divided between complainants and Logan, half and half. They deny that they knew Reichert in the transaction, or that they intended to make any agreement with or conveyance to him. The defense is that Logan was the agent for complainants to get an agreement with Reichert, and, of course, that complainants were thoroughly well apprised of the contents of the instrument executed by them, and fully understood the transaction. The bill is supported by the testimony of six of the Chastangs; Reichert is his own only witness. In addition it should be noted that the deed was

acknowledged before Logan, who was a notary public.

[1-3] In reaching a conclusion as to the controverted issues of fact, certain principles of law are to be observed. The burden of proof is on complainants. Freeman v. Blount, 172 Ala. 655, 55 South. 293. The certificate of the notary, unless and until successfully impeached, is conclusive of the facts therein stated which the officer is by law authorized to state. Orendorff v. Suit, 167 Ala. 563, 52 South. 744, and cases there cited. The impeaching evidence ought to be clear and convincing, reaching a high degree of certainty, leaving upon the mind no fair, just doubts. Barnett v. Proskauer, 62 Ala. 486; Smith v. McGuire, 67 Ala. 34. The testimony of interested witnesses must be closely scrutinized; but, it may be observed, defendants have no peculiar beneficial interest in this rule.

[4] Defendant is a business man of large interests, and has been acquiring tracts of land lying about in Mobile and Baldwin counties. Logan had represented him in quite a number of these transactions, and we will say here that, on consideration of all the evidence in this cause, we are satisfied that, while he may have gone to complainants, contriving as well as he might to make it appear that he was to act as their agent in the disposition of their lands, he sought them out with the purpose that defendant—we mean Reichert—should profit by the transaction. We are satisfied that he acted as agent for defendant, though he himself had an interest the nature and extent of which has not been disclosed. Complainants are humble people—they are referred to at one place in the record as creoles. They are the children of a Frenchman by a negro woman. One of them signs his name by mark. One of them, who lived in Mobile, to whom defendant carried the deed for signature after the rest had executed it, refused to sign. The consideration is nominal—$1 to each of the signatory parties—and defendant concedes that the instrument does not set out the whole agreement. He contends, however, that it sets out as much of the agreement as the parties intended it should, the rest being left to a parol understanding. Other evidence throws some doubt upon defendant's testimony that he was present at the very signing of the paper; but that is not considered to be of great moment. Logan should have been examined by defendant. Interrogatories were filed to him under the statute, section 3135 of the Code; but his answers were not offered in evidence by complainants, who alone had the right to do so (section 3138 of the Code), and cannot be considered here for any purpose.

[5] We cannot say on this record that Logan was so interested in the instrument purporting to be a conveyance from complainants to defendant as to disqualify him to take the acknowledgment (Byrd v. Bailey, 169 Ala. 452, 53 South. 773, Ann. Cas. 1912B, 331; Vizard v. Robinson, 181 Ala. 349, 61 South. 959); but the absence of his testimony must weigh against defendant (Barnett v. Proskauer, supra; Cox v. Somerville, 204 Ala. 261, 85 South. 525; Gilley v. Denman, 185 Ala. 561, 64 South. 97, and cases there cited).

[6] Nor can it avail defendant that he did not actually participate in the fraud imputed by the testimony to his agent. In both law and equity he is responsible therefor so long as he stands as a grantee and beneficiary under the fraudulent deed. Hartley v. Frederick, 191 Ala. 175, 67 South. 983; Rowland v. Hester, 206 Ala. 498, 90 South. 910.

We have intended to state in outline only those features of this cause and the evidence therein which seem to be of noteworthy significance. An argument of the evidence in extenso would be of no service. The judgment of the court is that the decree in favor of complainants should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.