THE W. T. RAWLEIGH COMPANY, v. C. A. LANGFORD, T. M. COX, and W. H. LEONARD.

175 So. 339.
Division A.
Opinion Filed June 18, 1937.
Rehearing Denied July 13, 1937.

James H. Finch, for Plaintiff in Error.
Marion B. Knight, for Defendants in Error.

PER CURIAM.—In September, 1928, Plaintiff in Error entered into a contract with Defendant in Error, C. A.

Langford, as principal and T. M. Cox and W. H. Leonard as sureties, whereby the plaintiff in error agreed to sell to Langford certain manufactured goods known as Rawleigh Products at current wholesale prices, F. O. B. Memphis, Tennessee, the contract to run from date of execution of December 31, 1929. Paragraph Five of said contract was as follows:

"5. It is mutually understood and agreed that this is a Contract of Buyer and Seller, and the Buyer is not the agent or representative of the Seller for any purpose whatsoever, but is the sole owner, and manager of his business, and that he expressly reserves the right (exclusive right) to determine the price, terms, and conditions upon which, and the place where, he will sell the merchandise he buys from the Seller, it being mutually understood and agreed that when the Seller delivers the merchandise F. O. B. to Buyer at point of shipment, the merchandise becomes the property of the Buyer and the Seller retains no right, title, interest, or control over said merchandise; it being mutually and fully understood that the Buyer is in business for himself and that the Seller does not undertake in any way to control Buyer in the conduct of his business."

Pursuant to said contract, W. T. Rawleigh Company sold and delivered to Langford goods in the sum of $1050.63. Of that sum, Langford paid $467.71, leaving a balance due of $582.92. In June, 1931, W. T. Rawleigh Company brought this action on the contract to recover the latter amount naming Langford and his sureties as defendants. A trial resulted in a verdict and judgment for the plaintiff with set off for $445.75. On writ of error to this court, that judgment was reversed because of an erroneous charge. W. T. Rawleigh Co. v. C. A. Langford, *et al.*, 112 Fla. 487, 150 So. 592.

On the going down of the mandate, additional or special

pleas were filed alleging that subsequent to the contract sued on, the plaintiff by acts and instructions through letters and its instruction book known as "Rawleigh Methods" caused the defendant Langford to adopt a sales system known as placing the goods with customers on the "time and trial plan" by which plaintiff assumed the credit risk and chance of loss rather than the defendant as provided in the original contract. It is further alleged that under said modifièd contract goods in the sum of $445.75 were sold by defendant for which he should be· given credit leaving a balance of $137.17, and cost of this proceeding which he stands ready and willing to pay. On the issue thus made, the cause was tried a second time resulting in a verdict for the plaintiff less the $445.75 as claimed in the plea. A motion for new trial was denied, final judgment was entered, and the instant writ of error was prosecuted.

Several questions are pressed for consideration but in our view, the cause turns on the question of whether or not defendant proved his special pleas alleging a modified contract whereby defendant became the agent rather than the principal.

It is unquestionably true that under the terms of Paragraph Five of the Contract as quoted, the defendant was not the agent of the plaintiff, that he purchased and sold the goods on his own responsibility and that the plaintiff released all his right and title in them when sold and placed in transportation.

In support of his special pleas setting up a modified contract, defendant introduced in evidence his instruction book called "Rawleigh Methods" and testified that he had received letters from plaintiff supporting his plea but he produced none of the letters and "Rawleigh Methods" is all about selling technique. It does not purport to modify the original contract. There are a number of letters in the

record written by the defendant to the plaintiff which show that the former recognized the contract as originally made after it was alleged to have been modified. In fact, we find nothing to support the special pleas except the verbal testimony of the defendant and the law does not permit that to modify the terms of the written contract.

From this, it follows that the judgment below should be reversed and a new trial awarded.

Reversed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.