344 So.2d 604 (1977)
Sonny Jack HARRELL, Appellant,
v.
Hugh William BRANSON, Appellee.
No. DD-66.
District Court of Appeal of Florida, First District.
April 6, 1977.
Rehearing Denied May 2, 1977.
*606 W. Paul Thompson and Clayton J.M. Adkinson, Thompson & Adkinson, Defuniak Springs, for appellant.
E. Allan Ramey and Lewis R. Lindsey, Defuniak Springs, for appellee.
ERVIN, Judge.
This is an appeal from a final judgment rescinding and vacating a warranty deed. Plaintiff-appellee Branson brought an action against defendant-appellant Harrell seeking rescission of a deed conveying ten acres to Harrell and Jeanette Parker Harrell as husband and wife, reserving unto himself a life estate. Branson's niece, Jeanette, and Harrell, although living together, were not married. The conveyance occurred in 1972 at the county tax collector's office. Jeanette had accompanied her uncle to the office and was present when the deed was executed  although Harrell was not. Branson testified the only reason he named Harrell as grantee was his belief that his niece and Harrell were married. This belief was not based upon any representations made to him by Harrell, rather by Jeanette, and since Harrell and Jeanette were living together, he simply assumed them married. Branson was paid $600.00 for the property conveyed, a sum far less than the actual value of the property which had a house on it.
The following year Mr. Branson left his home in Walton County which adjoined the property he deeded, and sometime later Jeanette and Harrell parted company; Jeanette repenting the deception she perpetrated, specifically disavowing any interest conveyed to her in the property.
It is not necessary that a direct statement be made to the representee in order to give rise to the right to rely upon the statement, for it is immaterial whether it passes through a direct or circuitous channel in reaching him, provided it be made with the intent that it shall reach him and be acted on by the injured party. 14 Fla. Jur. Fraud and Deceit section 36. Regardless of the method of communication it is obvious that Branson relied upon the deception carried out by Jeanette to his injury since the deed was conveyed to both parties, and upon the payment of a grossly inadequate sum by both parties. Harrell and Jeanette had on several occasions prior to the conveyance unsuccessfully importuned Branson to sell them the property. When Branson at last acquiesced, Harrell provided one-half the amount of the purchase, $300.00. While inadequacy of consideration is not per se regarded as a basis on which a court may grant rescission, inadequacy of consideration when coupled with other inequitable circumstances may afford a basis to warrant relief. 5 Fla. Jur. Cancellation, Reformation and Rescission of Instruments section 27.
Clearly the deception practiced by Jeanette would have been sufficient ground for cancellation of the deed insofar as her interests were concerned. In McElroy v. Gay, 155 Fla. 856, 22 So.2d 154 (1945), Ms. Gay promised to marry one McElroy and in consideration of the promise of marriage, McElroy deeded to Gay an undivided one-half interest in certain real property owned by him. Gay then refused to marry McElroy or to deed back the property to him. In reversing an order dismissing the amended bill of complaint, the Florida Supreme Court stated:
"If the allegations of the bill are true the defendant has acquired an interest in plaintiff's real property without consideration given and by means of deceit and fraud. Having failed and refused to marry plaintiff, and having never intended to do so, equity and good conscience requires that she reconvey the property to plaintiff." 22 So.2d at 154.
Regardless of whether there existed any direct misrepresentation to Branson from Harrell, the question necessarily arises: Should we apply the principle of constructive fraud to the situation involved here? Constructive fraud may exist independently of an intent to defraud. It is a term which is applied to a great variety of *607 transactions that equity regards as wrongful, to which it attributes the same or similar effects as those that follow from actual fraud and for which it gives the same or similar relief. Thus constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused. Douglas v. Ogle, 80 Fla. 42, 85 So. 243 (1920). A confidential or fiduciary relationship was clearly shown to exist between Branson and his niece. Branson was dependent upon his niece to assist him in his daily needs. She had not only aided him in the past but promised to continue to do so in the future. Their relationship was very close. A fiduciary relation may result from an offer of assistance where the nature of the proposal is one that is naturally calculated to repose confidence and trust in the one making the proposal. Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925); Harris v. Zeuch, 103 Fla. 183, 137 So. 135 (1931). The relation and correlative duties need not be legal but may be moral, social, domestic or merely personal. Dale v. Jennings, supra. A misrepresentation in a fiduciary or confidential relationship which would not be actionable in an arms-length transaction can be considered the basis for relief. 14 Fla. Jur. Fraud and Deceit section 5.
In effect, Jeanette may be assumed the agent of Harrell in the deception carried out upon Branson. While an agency relationship between principal and agent ordinarily arises from consent or agreement of the parties to the existence of such relation, it is not necessary that there be an express contract of appointment. The agency may be inferred from the related facts of the case or implied from the course of dealings. With respect to third persons an agency may arise by necessity, as in the case of purchase of necessaries by a wife, or it may rise from facts which lead others to believe that such a relationship has been created, as by estoppel. 1 Fla. Jur. Agency section 6. Moreover it is well settled that one who accepts the fruits of a transaction consummated by one who acts within the apparent scope of the owner's authority as agent, and who has ratified the acts of the apparent agent by consummating a contract, cannot be heard to deny the authority of the apparent agent in acting for the owner in that transaction. Peace River Phosphate Min. Co. v. Thomas A. Green, Inc., 102 Fla. 370, 135 So. 828 (1931).
In Logan v. Chastang, 207 Ala. 52, 91 So. 867 (1921), an action was filed by Chastang against Logan and Reichert to cancel a deed conveyed to Reichert which was allegedly based upon the fraudulent representation made by Logan, acting as agent for Reichert. In affirming the order granting rescission of the deed, the Alabama Supreme Court stated:
"Nor can it avail defendant that he did not actually participate in the fraud imputed by the testimony to his agent. In both law and equity he is responsible therefor so long as he stands as grantee and beneficiary under the fraudulent deed." Id. at 868.
In 1 Fla. Jur. Agency section 79 it is stated:
"One who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons, is liable to such person for the fraud, and he is not relieved from liability by the fact that the apparent agent acts entirely for his own purposes, unless such third persons have notice of such fact. A principal is liable for the fraud of his agent from which he benefited, although the fraud was not personal to the principal."
Finally, independent of any consideration of a principal-agency relationship, suppressing the truth may constitute fraud provided it is material to the transaction. Thus in a case which involves active  as opposed to passive  concealment, a duty to reveal the fact concealed exists. This duty arises where there is a purpose or design motivating the nondisclosure and usually involves circumstances where the person responsible for the concealment has superior knowledge, or acts in a confidential or fiduciary capacity. 14 Fla. Jur. Fraud and Deceit section 28.
The rule which makes Harrell responsible for the nondisclosure of a material *608 fact must be tempered by the exception that had Branson equal opportunity to discover the truth, the nondisclosure would not be tantamount to a fraudulent concealment. E.g., Hirschman v. Hodges, O'Hara and Russell Co., 59 Fla. 517, 51 So. 550 (1910); Robson Link and Co. v. Leedy Wheeler and Co., 154 Fla. 596, 18 So.2d 523 (1944). Under the circumstances, however, Branson had no opportunity to discover the truth. Admittedly a search of the county records would not have revealed on file any certificate of marriage. Nevertheless even had he undertaken to do so, such inquiry would not have negated Branson's reasonable belief that the marriage could have occurred elsewhere. Nor did Branson delay for an unreasonable length of time his action for rescission since he left Florida for Alabama in 1973, did not discover the fraudulent concealment until two years later, then brought his action in 1976.
Branson sustained by the greater weight of the evidence, required in fraud actions, his entitlement to rescission of the deed. Rigot v. Bucci, 245 So.2d 51 (Fla. 1971). The judgment is AFFIRMED.
BOYER, C.J., and MILLS, J., concur.