Lawrence SAGLIO, Gerard Curley, Curtis DeWitz, Jr., Jewel L. Curley, Judy L. Saglio and E. David Saglio, Plaintiffs,

v.

**CHRYSLER FIRST COMMERCIAL CORPORATION, Defendant,**

v.

**LIGHTHOUSE POINT MARINE CENTER, INC., Jewel L. Curley, Vincent Caulfield, Patricia Caulfield, Douglas Noble, Pamela Nobel, Judith L. Saglio and E. David Saglio, Defendants in Counterclaim.**

**No. 92–1185–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 15, 1993.

· Brian P. Deeb, Catherine C. Prats, Deeb, Brainard & Driscoll, P.A., St. Petersburg, FL, Charles P. Campbell, Jr., Shumaker, Loop & Kendrick, Tampa, FL, for plaintiffs.

William J. Terry, Terry & Dittmar, Tampa, FL, John A. Christy, Debra A. Wilson, Schreeder, Wheeler & Flint, Atlanta, GA, for defendant.

Charles P. Campbell, Jr. Shumaker, Loop & Kendrick, Tampa, FL, Brian P. Deeb, Catherine C. Prats, Deeb, Brainard & Driscoll, P.A., Lee H. Rightmyer, Baynard, Harrell, Ostow & Ulrich, Louis Edward Stolba, Law Offices of Louis E. Stolba, St. Petersburg, FL, for counter-defendants.

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SUMMARY. JUDGMENT ON COUNTERCLAIM

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment, filed September 10, 1993, and responses thereto, filed September 22, 1993; and on Defendant's Motion for Summary Judgment on its counterclaim, filed September 10, 1993, and responses thereto, filed October 4, 1993.

BACKGROUND

On March 3, 1990, Chrysler First Commercial Corporation ("CFCC") and Lighthouse Point Marine Center, Inc. ("Lighthouse") entered into a lending arrangement commonly known as a "floor plan financing." This floor plan agreement was composed of two types of contracts: a Security Agreement and Guaranty Agreements (collectively "subject contracts"). Under the terms of the Security Agreement, CFCC agreed to finance and retain a security interest in new boat inventories purchased by Lighthouse. Upon the sale of any item of inventory, Lighthouse was to remit the amount due on such inventory to CFCC.

As a condition of providing floor plan financing, CFCC required Lighthouse to obtain guaranties for the sums advanced. Lawrence Saglio, Judy Saglio, Gerard Curley, Jewel Curley, Curtis DeWitz, Vincent Caulfield, Patricia Caulfield, Douglas Nobel, Pamela Nobel, and E. David Saglio (collectively "Guarantors") signed Guaranty Agreements, jointly and severally guarantying payment of all amounts due to CFCC from Lighthouse. Under the Guaranty Agreements, the Guarantors had the right to prospectively terminate their guaranties with ten (10) days written notice.

In contravention of the Security Agreement, Lighthouse subsequently sold secured items of inventory without remitting the appropriate sums to CFCC. Upon inspection of the Lighthouse inventory in late 1991, CFCC discovered the improper sales, commonly called "out-of-trust" sales, and demanded payment from Lighthouse and the Guarantors. The Guarantors paid CFCC the amount demanded, but subsequently discovered the true out-of-trust balance was significantly larger than the original sum. The Guarantors made a second payment to CFCC, constituting only a portion of the out-of-trust balance.

Several of the Guarantors ("Plaintiffs") subsequently brought the instant action against CFCC, alleging: CFCC possessed a duty to make periodic checks upon the Lighthouse inventory for the Guarantors' benefit; CFCC breached this duty by failing to conduct such periodic checks in a commercially reasonable manner, and; the Guarantors were damaged by the aforementioned breach by detrimentally relying upon such checks.

## I. MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure, Rule 56, CFCC moves for summary judgment against Plaintiffs on all counts of the Complaint and/or the First Amended Complaint. Prior to this Order, the Court granted Plaintiffs leave to amend the initial Complaint. Thus, the Court will apply the Motion for Summary Judgment against Plaintiffs' First Amended Complaint (hereinafter "Complaint"). The Complaint contains three Counts, each of which the Court will analyze individually.

A court should grant summary judgment only when the moving party has demonstrated the absence of any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a material fact are resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979).[1] Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgement, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, on which that party will bear the burden of proof at trial.

*Id.* 447 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 274.

The *Celotex* court also held that Rule 56(e) requires the nonmoving party to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts which evidence a genuine issue for trial. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 275.

## COUNT III—CONSTRUCTIVE FRAUD

■ In Count III, Plaintiffs allege that CFCC represented that, in connection with the subject contracts, it would regularly monitor Lighthouse's inventory through periodic checks and provide reports of such checks to Plaintiffs. CFCC allegedly made such representations in order to induce Plaintiffs to enter into the Guaranty Agreements by mini-

---

1. Decisions of the former Fifth Circuit are binding on this Court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

mizing the guarantors' risk through checks on inventory. Plaintiffs allege that a confidential or fiduciary relationship was created between themselves and CFCC through the aforementioned representations and the Plaintiffs' reliance thereon. Plaintiffs further allege that CFCC breached this fiduciary relationship by failing to conduct the periodic checks in a commercially reasonable manner, and by submitting inaccurate inventory reports for their review. Plaintiffs were allegedly damaged by reliance upon the periodic inventory checks, and assert that CFCC's actions constitute constructive fraud.

■ Constructive fraud exists where a party abuses a confidential or fiduciary relationship. *Douglas v. Ogle,* 80 Fla. 42, 85 So. 243 (1920); *Allie v. Ionata,* 466 So.2d 1108 (Fla. 5th DCA 1985); *Harrell v. Branson,* 344 So.2d 604 (Fla. 1st DCA), *rev. denied* 353 So.2d 675 (Fla.1977). In *Branson,* the court found the existence of both a fiduciary relationship and constructive fraud, and held that "[a] misrepresentation in a fiduciary or confidential relationship *which would not be actionable in an arms-length transaction* can be considered the basis of relief." 344 So.2d at 607 (emphasis added).

Unlike the *Branson* case,[2] the Guaranty Agreements between CFCC and the Plaintiffs are clearly arms-length transactions. The Guaranty Agreements expressly provide that "CFCC is unwilling to deal with Obligor [Lighthouse] unless it receives the guaranty of the undersigned [Plaintiffs]." The Guaranty Agreements further provide that "Guarantor [Plaintiffs] acknowledges that it has received a benefit from the financing transaction between Obligor and CFCC." The Court finds no basis on which to categorize the transactions between CFCC and the Plaintiffs as something other than arms-length transactions. Thus, the Court finds a fiduciary relationship, as a matter of law, did not exist between CFCC and the Plaintiffs. The absence of such a relationship defeats Plaintiffs' claim for constructive fraud. Accordingly, the Court grants CFCC's Motion

for Summary Judgment on Count II of the Complaint.

## COUNT I—BREACH OF CONTRACT

■ In Count I, Plaintiffs allege that CFCC, prior to the execution of the subject contracts, orally agreed to provide periodic inventory checks. Plaintiffs further allege that CFCC failed to perform such checks in a responsible and commercially reasonable manner, and thus breached its duty under the subject contracts.

CFCC asserts that neither of the subject contracts contain provisions requiring it to make periodic inventory checks. The Defendant further asserts that the subject contracts are unambiguous, and thus, oral negotiations made prior to the execution merge into the written contracts and are inadmissable to enlarge the express terms therein.

■ In Florida, extrinsic evidence of prior negotiations may not be used to modify, enlarge or alter the construction of an unambiguous written contract. *See, e.g., W.T. Rawleigh Co. v. Langford,* 175 So. 339 (Fla. 1937); *Spear v. MacDonald,* 67 So.2d 630 (Fla.1953); *Schwartz v. Zaconick,* 68 So.2d 173 (Fla.1953). Plaintiffs assert that the above rule does not bar extrinsic evidence of constructive fraud. The Court above, however, dismissed Plaintiffs' claim for constructive fraud.

■ Notwithstanding, parties to a contract may modify the written agreement through their conduct in the course of performance. *See Pan American Engineering Co., Inc. v. Poncho's Construction Co.,* 387 So.2d 1052 (Fla. 4th DCA 1980); *Barile Excavating v. Vacuum Under-Drain,* 362 So.2d 117 (Fla. 1st DCA 1978); *Fletcher v. Laguna Vista Corp.,* 275 So.2d 579 (Fla. 1st DCA 1973). Plaintiffs have alleged that subsequent to the execution of the subject contracts, CFCC submitted reports of its inventory checks to them for review. As such, the Court finds that a material issue of fact exists regarding whether the parties modified the subject contracts via their conduct. This material issue

2. In *Branson,* the court found a fiduciary relationship and constructive fraud existed where a niece induced her uncle to grant a deed to a third party whom the niece incorrectly represented as her husband. 344 So.2d at 606.

of fact precludes summary adjudication of this claim. Accordingly, the Court denies Defendant's Motion for Summary Judgment as to Count I of the Complaint.

## COUNT II—NEGLIGENCE

■ In Count II, Plaintiffs allege that CFCC assumed a duty to conduct checks upon Lighthouse's inventory in a commercially reasonable and non-negligent manner for the Plaintiff's benefit. CFCC allegedly breached this duty by failing to conduct the inventory checks with reasonable care. Plaintiffs allege that they were damaged by reasonably relying on the inventory checks to their detriment.

CFCC asserts that it performs inventory checks solely for its own benefit in order to protect its security interest therein. CFCC further asserts that, as a matter of law, it owes no duty to the Plaintiffs to perform the inventory checks in a reasonable manner.

■ Although the law does not impose a duty upon CFCC to reasonably perform inventory checks for the Plaintiffs' benefit, liability for misfeasance can lie where a party voluntarily assumes a duty. *See, e.g., Banfield v. Addington*, 104 Fla. 661, 140 So. 893 (1932); *Barfield v. Langley*, 432 So.2d 748 (Fla. 2d DCA 1983); *Kaufman v. A–1 Bus Lines, Inc.*, 416 So.2d 863 (Fla. 3d DCA 1982); *Padgett v. School Board of Escambia County*, 395 So.2d 584 (Fla. 1st DCA 1981). In *Banfield*, the Florida Supreme Court held that:

> In every situation where a man undertakes to act, or to pursue a particular course, he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured by any force which he sets in operation, or by any agent for which he is responsible. If he fails to exercise the degree of caution the law requires in a particular situation, he is held liable for any damage that results to another, just as if he had bound himself by an obligatory promise to exercise the required degree of care. And even "where a man interferes gratuitously, he is bound to act in a reasonable and prudent manner according to the circumstances and opportunities of the case. *And this duty is not affected by the fact, if so it be, that he is acting for reward, in other words, under a contract, and may be liable on the contract.* The two duties are distinct, except so far as the party cannot be compensated twice over the same facts, once for the breach of contract and again for the wrong."

140 So. at 896 (citations omitted) (emphasis added).

CFCC asserts that even if such a duty existed, Plaintiffs waived any rights thereunder through the execution of the Guaranty Agreements. Although the terms of the Guaranty Agreements provide that the Plaintiffs "absolutely and unconditionally guarantee ... any and all obligations and agreements of Obligor [Lighthouse]," the Court above found the existence of a material fact as to whether the parties modified the subject agreements. In this light, the Court finds that the allegations of the Complaint, as supported by affidavits thereto, constitute a factual dispute regarding whether CFCC assumed a duty to conduct inventory checks for the Plaintiffs' benefit. Therefore, the Court denies CFCC's Motion for Summary Judgment as to Count II.

## DAMAGES

■ CFCC moves for partial summary judgment on the issue of damages and asserts that Plaintiffs waived any right to recover all monies paid on the out-of-trust balance after they learned of CFCC's alleged misconduct. As basis therefore, CFCC asserts that voluntary payments under a claim of right with knowledge of facts are unrecoverable. *See, e.g., City of Miami v. Keton*, 115 So.2d 547 (Fla.1959). However, Florida Statute, section 725.04 governs voluntary payments made pursuant to contracts, and provides:

> When a suit is instituted by a party to a contract to recover a payment made pursuant to the contract and by the terms of the contract there was no enforceable obligation to make the payment *or the making of the payment was excused, the defense of voluntary payment may not be interposed*

by the person receiving payment to defeat recovery of the payment.

*Fla.Stat.* § 725.04 (1991) (emphasis added). The Court finds section 725.04 precludes the application of the voluntary payment defense, and thus denies CFCC's Motion for Summary Judgment as to damages.

## II. MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM

Pursuant to Federal Rules of Civil Procedure, Rule 56, CFCC moves for summary judgment on its counterclaim against Plaintiffs and counterclaim-defendants Lighthouse, Jewel L. Curley, Vincent Caulfield, Patricia Caulfield, Judith L. Saglio and Lawrence Saglio (as personal representative for the estate of E. David Saglio). In a previous Order, the Court entered judgment by default against Lighthouse, and thus the instant motion is inapplicable against that party.

CFCC moves for summary judgment against the balance of the counterclaim-defendants [3] (collectively "Counterclaim–Defendants") as guarantors of sums owed by Lighthouse pursuant to the Guaranty Agreements. Counterclaim–Defendants assert affirmative defenses identical to the Claims of the Plaintiffs' Complaint. The Court above found a material issue of fact regarding whether CFCC breached its duty as alleged in Counts II and III of the Complaint. The Court incorporates the explanations delineated above, and denies CFCC's Motion for Summary Judgment on the same grounds. Accordingly, it is

**ORDERED** that CFCC's Motion for Summary Judgment on Count III of the Complaint is **granted;** it is further

**ORDERED** that CFCC's Motion for Summary Judgment on Count I and II of the Complaint is **denied;** it is further

**ORDERED** that CFCC's Motion for Summary Judgment on the issue of damages is **denied;** it is further

**ORDERED** that CFCC's Motion for Summary Judgment on its Counterclaim is **denied.**

**DONE AND ORDERED.**

---

3. Counterclaim–Defendants, Douglas Nobel and Pamela Noble, filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida on February 16, 1993. Due to the automatic stay in bankruptcy, this motion for summary judgment will not proceed against the Nobels.