**J. J. McELROY v. IDA BELLE GAY, a minor**

22 So. (2nd) 154                                 January Term, 1945
May 11, 1945                                                Division B

*Carroll W. Fussell,* for appellant.
No appearance for appellee.

SEBRING, J.:

This is an appeal from an order dismissing an amended bill of complaint. The object of the suit is to procure the cancellation of a deed and the reconveyance of certain real property owned by the plaintiff. The primary question on the appeal is whether the amended bill of complaint contains equity.

The charge made by the bill is that one Ida Belle Gay, an unmarried female under the age of seventeen years, promised to marry the plaintiff, J. J. McElroy, a single man, and that solely in consideration of said promise of marriage and in reliance thereon McElroy deeded to Ida Belle Gay an

undivided one-half interest in certain real property owned by him. It is averred in the bill that the promise of marriage was fraudulently made by Ida Belle Gay for the purpose of procuring the deed to the property and without intention on the part of the female ever to consummate the marriage. Ida Belle Gay now refuses to marry plaintiff or to deed back the property and plaintiff brings this suit for cancellation and reconveyance.

We think that the amended bill of complaint is not wholly without equity. If the allegations of the bill are true the defendant has acquired an interest in plaintiff's real property without consideration given and by means of deceit and fraud. Having failed and refused to marry plaintiff, and having never intended to do so, equity and good conscience reqires that she reconvey the property to plaintiff.

The fact that the defendant is a minor and could not have entered into a valid and binding contract to marry and consequently could not be held legally liable in damages for breach of promise of marriage, will not prevent the bringing of the action. Indeed, this would seem to be all the more reason why the deluded victim of the female's importunities should have relief in an equity forum, a remedy at law not being available under the circumstances. Infants are no more entitled than adults to gain benefits to themselves by fraud. If the deed was procured by the means alleged the defendant has no right either in morals or law to retain the fruits of her fraud. In such case equity will require a cancellation of the deed and a return of the property. The equity court alone can do complete justice between the parties. Lambert v. Lambert, 66 W. Va. 520, 66 S. E. 689, 19 Ann. Cas. 537; Rockafellow v. Newcomb, 57 Ill. 186; 8 Am. Jur. p. 858-860, Sec. 20; 24 Am. Jur. p. 760, Sec. 56; Anno. 92 A.L.R. 610.

The decree appealed from is reversed with directions that the case proceed in the court below.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.