Suit by Everett Perlman, by Rebecca Perlman, his next friend, against Lillian Brenner, trading and doing business as Esquire Motors, to rescind on ground of plaintiff's minority a transaction with defendant. To review an order striking part of defendant's answer, defendant brings certiorari.
Order quashed.
The petitioner seeks a review by certiorari of an order striking Paragraph 10 of defendant-petitioner's answer to a bill. *Page 902 
The respondent brought suit for the rescission of a transaction between Everett Perlman, a minor, and Lillian Brenner. The transaction was one wherein Perlman traded in a Dodge car as a part payment on a secondhand 1947 Chrysler Town and Country Convertible, at a price of $3,895, with an agreement to pay certain finance charges of $743, making a total of $4,638. The suit for rescission is based upon the incompetence of Perlman, because of his minority.
The defendant's answer contained the following paragraph:
"10. Further answering Plaintiff's First Amended Bill of Complaint this Defendant says that the Plaintiff induced her by fraudulent misrepresentation to enter into the contract which he now seeks to have this Court set aside in that to induce her to sell him the automobile he stated to Defendant that he was over 21 years old at the time he was negotiating for the purchase of the said automobile and signed a statement to that effect and exhibited to Defendant an operator's license issued by the Department of Public Safety of the State of Florida showing his birth date to be February 3rd 1926 which date of birth would have made Plaintiff over 21 years of age at the time of the sale, and Defendant relying on these allegations as to age did enter into said contract of sale and did sell the said automobile to Plaintiff as aforesaid. In addition to representations as to his age, Plaintiff stated to Defendant that he was a salesman by profession and a property owner and gave Defendant many business references, all to induce her to sell him the said automobile."
The Chancellor granted plaintiff's motion to strike the quoted paragraph and the defendant now seeks review of the order. As stated in the headnotes in Petersohn v. Keech, Fla., 39 So.2d 714, we have held:
"1. Equity. An answer will avail a defendant only so far as in equity it should, and striking matter relevant to the equities is error though it would affect equities only to the extent of costs; the test not being whether answer states a defense but whether matter is relevant.
"2. Equity. Plaintiffs' motion to strike portions of answer of defendant was erroneously granted, where such portions presented matter relevant and pertinent to the equities."
The petition appears to be well founded and the order striking said paragraph is quashed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.