47 So.2d 296 (1950)
MOSSLER ACCEPTANCE CO. et al.
v.
PERLMAN.
Supreme Court of Florida, Division B.
July 7, 1950.
Rehearing Denied July 27, 1950.
Roberts, Holland & Strickland and Sydney L. Weintraub, Miami, for appellants.
Saunders, Buckley & O'Connell, Fort Lauderdale, for appellee.
CHAPMAN, Justice.
The record in this case discloses the following factual situation: On December 18, 1947, Everett Perlman represented to Lillian Brenner, doing business as Esquire Motors; that he was twenty-one years of age  having been born on February 3, 1926  and desired to purchase of her one 1947 second-hand Chrysler Town and Country automobile at the price of $3,895.00. Lillian Brenner on the above date sold to Everett Perlman the Chrysler automobile for the sum of $3,895.00 and accepted as a partial payment on the agreed purchase price one 1946 Dodge automobile then owned by Everett Perlman, in the sum of $1,800.00, leaving a balance due and owing on the Chrysler automobile in the sum of $2,095.00. Everett Perlman executed a contract of purchase of the Chrysler automobile payable to Lillian Brenner in the sum of $2,095.00, plus interest and finance charges in the sum of $743.00, which made the contract of purchase of the Chrysler total the sum of $2,838.00. It was payable at the rate of $118.25 per month.
The 1946 Dodge automobile traded to Lillian Brenner by Everett Perlman, as a down payment on the Chrysler automobile, was by her on December 24, 1947, sold for the sum of $2,145.00, after costs of repairs *297 in the total sum of $154.20. Shortly after December 18, 1947, Lillian Brenner, the dealer, transferred and assigned to the Mossler Acceptance Company the conditional sales contract and the indebtedness secured by the conditional sales contract as signed, executed and delivered by Everett Perlman. On or about February 10, 1948, Everett Perlman paid to the Mossler Acceptance Company the first and only monthly installment payment in the amount of $118.00 on his conditional sales contract. On March 17, 1948, the Mossler Acceptance Company, after Perlman defaulted in payment of the installments of the conditional sales contract, instituted replevin and repossessed the Chrysler automobile.
On September 27, 1948, Everett Perlman, by his mother and next friend, Rebecca Perlman, filed an amended bill of complaint in the Circuit Court of Dade County, Florida, against Mossler Acceptance Company, Lillian Brenner, Esquire Motors and others, and attached thereto was a birth certificate of Everett Perlman evidencing his birth as February 3, 1928; Everett Perlman, apparently, was a minor on December 18, 1947. It was further alleged that the purchase of the Chrysler Automobile by Everett Perlman and the execution and delivery of the conditional sales contract was not when delivered, nor since said date, a necessity for the minor, Everett Perlman. The amended bill prayed for (1) a rescission of the conditional sales contract; (2) a surrender of the contract and a cancellation of the minor's signature; (3) a refund of the $2,145.00, being the value of the Dodge automobile; (4) a return of the installment of $118.00 previously paid by the minor; and (5) for general relief.
The defendants answered the amended bill of complaint. Paragraph ten of the answer of Lillian Brenner and Esquire Motors was stricken on the grounds because (1) it presented irrelevant and immaterial issues; (2) the matters of fact and thing set out in paragraph ten of the answer is not a defense to the equity suit praying for a cancellation of the minor's contract; and (3) the facts set out in paragraph ten of the answer tend to prejudice the legal rights of the minor plaintiff. The trial court struck paragraph ten of the answer and on petition for certiorari this Court quashed the order, thereby sustaining the legal sufficiency of paragraph ten of the answer. See Brenner v. Perlman, 40 So.2d 901, 902.
Paragraph 10 of the answer sustained by this Court is viz.: "Further answering Plaintiff's First Amended Bill of Complaint this Defendant says that the Plaintiff induced her by fraudulent misrepresentation to enter into the contract which he now seeks to have this Court set aside in that to induce her to sell him the automobile he stated to Defendant that he was over 21 years old at the time he was negotiating for the purchase of the said automobile and signed a statement to that effect and exhibited to Defendant an operator's license issued by the Department of Public Safety of the State of Florida showing his birth date to be February 3rd 1926 which date of birth would have made Plaintiff over 21 years of age at the time of the sale, and Defendant relying on these allegations as to age did enter into said contract of sale and did sell the said automobile to Plaintiff as aforesaid. In addition to representations as to his age, Plaintiff stated to Defendant that he was a salesman by profession and a property owner and gave Defendant many business references, all to induce her to sell him the said automobile".
The record reflects and the Special Master from the evidence adduced found that Everett Perlman, on December 18, 1947, falsely represented himself to Lillian Brenner that he was 21 years of age; Everett Perlman on said date exhibited to Lillian Brenner his driver's license which driver's license showed Perlman's birth date at February 3, 1926; Perlman knew at the time that he misrepresented his age, and the driver's license statement about his age was false; he falsely represented that by occupation he was a salesman. Lillian Brenner relied upon the statements and representations made by Perlman as to his age. The automobile trade was made with Perlman and his conditional sales contract accepted on the representation that *298 he was born February 3, 1926, and not February 3, 1928.
The Chancellor below decreed a rescission and cancellation of the conditional sales contract and the defendants appealed. The facts involved are not in serious dispute but conflicting views exist as to the controlling and applicable principle of law: the appellee-plaintiff contending that the purchase of a Chrysler automobile for the sum of $3,895.00 is not such a necessity for which a minor legally should be bound; the appellants-defendants contending that the minor is now an actor in a court of equity and is estopped from taking the advantage of his own wrong  he has committed an inequity and should not have equity  the shield of infancy should not be turned into a sword with which to injure those dealing with them in good faith.
On the question of fraud this Court is committed to the rule expressed in the case of Hinson v. Drummond, 98 Fla. 502, 123 So. 913, and similar cases, where we held that a false representation of a material fact, made with a knowledge of its falsity, to a person ignorant thereof, with the intention that it should be acted upon, followed by reliance upon and by action thereon amounting to a substantial change of position, is a fraud of which the law will take cognizance. The record reflects that the defendants-appellants affirmatively established by practically uncontradicted testimony the material allegations of paragraph 10 of their answer.
Our adjudications reflect that the doctrine of estoppel in its application to infants has been considered here from time to time. See Young v. McKinnie, 5 Fla. 542; Putnal v. Walker, 61 Fla. 720, 55 So. 844, 36 L.R.A.,N.S., 33; Watkins v. Watkins, 123 Fla. 267, 166 So. 577; Russell v. Donaldson, 142 Fla. 394, 195, So. 198; McElroy v. Gay, 155 Fla. 856, 22 So.2d 154.
Pomeroy's Equity Jurisprudence, Vol. 3, pp. 750-1, par. 945a, holds that fraud will prevent the disability of infancy from being made available in equity. Our case of Putnal v. Walker, supra, with other authorities, is cited to sustain the conclusion reached. The text is viz:
"Sec. 945a. Infancy.  The incapacity of infants to enter into binding contracts is the same in equity as in law; but such contracts are generally voidable only, and may therefore be ratified after the infant attains his majority. Fraud, however, will prevent the disability of infancy from being made available in equity. If an infant procures an agreement to be made through false and fraudulent representations that he is of age, a court of equity will enforce his liability as though he were adult, and may cancel a conveyance or executed contract obtained by fraud * * *." (Emphasis supplied).
The decree of the lower court is reversed with directions to dismiss the amended bill of complaint.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.