RAWLS, Judge.
Liberty Mutual Insurance Company brought this action for a declaratory decree to determine its rights with respect to a non-owner policy of automobile liability insurance issued by it to defendant Conley, a minor, 19 years of age as of the time said policy became effective. The insurance company appeals from a final decree in favor of defendant Conley. We reverse.
*522 Pertinent portions of the chancellor’s final decree reflect the facts, and his conclusions of law, viz.:
“1. On November 7, 1959, plaintiff issued a policy of insurance covering the defendant, Sandy Ralph Conley, for bodily injury and property damage liability, which policy contained a provision that the insurance did not apply to any automobile owned by the named insured.
“2. On December 13, 1959, defendant Conley entered into a contract with Tyrie E. Harris whereby defendant Conley purchased a 1949 Chevrolet tudor sedan. The defendant Conley paid $80.00 cash for the automobile and received a receipt from Mrs. Faye Harris and also received the keys and possession of the said automobile. Defendant Conley further received a copy of the title registration of the automobile in the name of Tyrie E. Harris with a signature purporting to be Tyrie E. Harris signed in blank on the back. The signature on the back was not notarized, however, the defendant Conley intended to have the signature notarized and have the registration changed to his name. As a result of such contract of purchase, the defendant Conley became the owner of the 1949 Chevrolet automobile on December 13, 1959 subject to the right of disaffirmance of the contract by Sandy Ralph Conley. [Emphasis supplied.]
“3. On December 20, 1959, the defendant Conley was the driver of the said automobile when it came into collision with an automobile being driven by the defendant Thomas Edwin Hutchins.
“4. At all times heretofore mentioned the defendant Conley was a minor.
“5. On October 12, 1961, shortly after reaching his majority, the- defendant Conley disaffirmed the contract of purchase of the 1949 Chevrolet automobile by letter directed to Tyrie E. Harris at his address of record which letter was placed in the United States mail properly addressed to Tyrie E. Harris with a return address on the envelope for the defendant Conley’s attorneys. No reply was received to this letter of disaffirmance.
“Based on the foregoing findings of fact the court makes the following conclusions of law:
“1. The defendant Conley effectively disaffirmed the contract of purchase of the 1949 Chevrolet automobile upon reaching his majority.
“2. The disaffirmance of the contract rendered the contract void ab initio, and placed the parties to the contract in the same position as though the contract was never made.
“3. By operation of law the voidance of the contract changed the status of the defendant Conley at the time of the collision from owner to non-owner, within the terms of the policy of insurance.
“4. By virtue of such non-ownership status, the plaintiff Liberty Mutual Insurance Company is, under the terms of the aforesaid insurance contract, liable to the defendant Sandy Ralph Conley to defend that action instituted against the said Sandy Ralph Conley by the defendant Thomas Edwin Hutchins, and to hold the said Sandy Ralph Conley free and clear of any liability that may be found against him as a result of the aforesaid automobile collision within the terms and limits of the aforesaid contract of insurance.”
Thus, the sole question to be decided is the effect of the minor’s disaffirmance of his purchase upon the contract of insurance. '
*523 The basic rule allowing an infant to disaffirm a contract is stated in Putnal v. Walker,[1] viz.:
“The right of an infant to avoid his contract is one conferred by law for his protection against his own improvidence and the designs of others; and, though its exercise is not infrequently the occasion of injury to others who have in good faith dealt with him, this is a consequence which they might have avoided by declining to enter into the contract. It is the policy of the law to discourage adults from contracting with infants * * [Emphasis supplied.]
We now examine the instant contract of liability insurance in light of this principle of law and find that if a minor operates an automobile, it would be improvident on his part if he did not enter into such a contract and the law encourages and even requires an insurance company to enter into such a contract.[2]
In Mossler Acceptance Company, et al. v. Perlman,[3] the Supreme Court of Florida, in quoting from Pomeroy’s Equity Jurisprudence[4] adopted the following applicable rule:
“The incapacity of infants to enter into binding contracts is the same in equity as in law; but such contracts are generally voidable only, and may therefore be ratified after the infant attains his majority.” [Emphasis supplied.]
As between Conley and Harris the trial judge was correct in holding that the contract to purchase the automobile was void ab initio upon Conley’s' disaffirmance; however, at the time of the accident, Conley had not disaffirmed his purchase of the automobile, but on the contrary at said time he owned said automobile. Conley’s contract of insurance specifically provided among other things that: “This insurance does not apply to any automobile owned by the named insured * * * ” and Conley’s purported magical sleight of hand “Now I own it — now I don’t” does not affect Conley’s contract of insurance with Liberty Mutual. The minor has not attempted to disaffirm his contract of insurance with Liberty Mutual, but to the contrary is trying to enforce the terms of said contract upon conditions to his own liking. As stated in Mossler Acceptance Company v. Perlman, supra,
“ * * * [T]he shield of infancy should not be turned into a sword with which to injure those dealing with them in good faith.”
Conley in his contract of insurance agreed that such insurance would not apply to any automobile owned by him. He bought and paid for an automobile. Within a short period of time he had an accident with the owned automobile. To hold that a subsequent disaffirmance of the contract purchasing the automobile would have a retroactive result as to a bona fide contract with a third party [the insurance company] would constitute an incongruous result.
The chancellor is directed to set aside that portion of the final decree requiring Liberty Mutual to defend the action instituted against Conley.
Reversed.
STURGIS, Acting C. J., and WIGGIN-TON, J., concur.

. Putnal v. Walker, 61 Fla. 720, 55 So. 844, 36 L.R.A.,N.S., 33 (1911).

. See Chapter 324, Financial Responsibility Act, particularly § 324.181, Florida Statutes F.S.A.

. Mossler Acceptance Co., et al. v. Perlman, 47 So.2d 296, 298 (Fla.1950).

. Pomeroy’s Equity Jurisprudence, Yol. 3, pp. 750-1, par. 945a.