SWANN, Judge.
The defendant below, Orange Motors of Miami, Inc., appeals from an adverse summary final judgment for the plaintiff, Miami National Bank.
The record reflects that Orange Motors sold an automobile to Diwaldo R. Morales. In the written “Security Agreement — Retain Title Contract” Diwaldo R. Morales was designated as the buyer. The agreement was also signed by one Julia Morales. *718 There was no designation or description of her legal capacity set forth in this written agreement. It did contain the following proviso:
“If there be more than one signer of the agreement their obligations shall be joint and several. All signers hereof, whether as buyer or not, shall perform all obligations of buyer hereunder.”
After the sale, Orange Motors assigned the retain title agreement to Miami National Bank and executed an assignment without recourse agreement to the bank for a good and valuable consideration. This assignment contained the following pertinent language:
* * * * * *
^ * * However, Seller guarantees full performance by Buyer [Diwaldo] in the same manner as though the above full recourse agreement had been executed if the numbers or marks of identification recited in the contract are incorrect, if there is a pre-existing mortgage or lien on the property, if the agreement is not valid and enforceable, if Buyer has not made the full cash down payment or trade-in as shown in the contract, or if any other representation on the reverse side hereof is incorrect.”
******
Ultimately, the periodic payments called for in the retain title agreement became in default and the bank sued Diwaldo and Julia Morales and Orange Motors for recovery of the sums allegedly due under the contract. The trial court eventually entered a summary final judgment for the defendant Diwaldo Morales because he was proven to be a minor. There is no point or contention made of any error in this ruling. A summary final judgment was entered by the trial court for the plaintiff, Miami National Bank, against Julia Morales and Orange Motors. Orange Motors has appealed from this summary final judgment. Julia Morales did not appeal.
The parties are not in dispute as to the factual situation and the sole question before us is one of law.
Although the assignment agreement executed by Orange Motors to the bank was without recourse, it contained certain exceptions which, if met, would permit the bank to obtain full recourse against Orange Motors. The bank was entitled to full recourse, if the written retain title agreement between Julia and Diwaldo Morales and Orange Motors was not valid and enforceable.
Generally, contracts with minors are not void but only voidable. See 17 Fla. Jur. Infants § 17; Mossier Acceptance Co. v. Perlman, Fla. 1950, 47 So.2d 296; Liberty Mut. Ins. Co. v. Conley, Fla.App. 1963, 152 So.2d 521; Independent Life and Acc. Ins. Co. v. Mitchell, Cir.Ct. Volusia Cty.1958, 14 Fla.Supp. 15.
The retain title agreement executed by Diwaldo was not enforceable because he exercised his legal right to disavow it because of his minority.
The retain title agreement signed by Julia was specifically stated to be “joint and several” and required her to perform all the obligations of the buyer [Diwaldo]. “A liability is said to be joint and several when the creditor may sue one or more of the parties separately, or all of them together at his option.” Black’s Law Dictionary 972 (4th ed. 1951); 17 Am.Jur.2d Contracts, § 298; 17A C.J.S. Contracts § 355.
The Miami National Bank recovered a separate final judgment against Julia and she has not appealed.
The assignment without recourse to the bank provided only for full recourse against Orange Motors in the event that the retain title agreement was not valid and enforceable. The assignment contained no requirement that the retain title agreement be valid and enforceable against only the buyer, Diwaldo. As long as the retain *719 title agreement was valid and enforceable against any of its signers it would be sufficient under the terms and conditions of the assignment. Since the exception clause in the assignment permitted full recourse only if the retain title agreement was not valid and enforceable we find the retain title agreement to be valid and enforceable as a matter of law. No exceptions under the assignment have been brought into action under the facts of this case which would permit the bank to obtain a final judgment under the full recourse agreement against Orange Motors. The assignment of the retain title contract was without recourse as a matter of law.
The summary final judgment against Orange Motors be and the same is
Reversed.