971 So.2d 896 (2007)
David Allan KUKETZ, Appellant,
v.
Rosalie BIBONA, Appellee.
No. 5D06-2438.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Rehearing Denied January 9, 2008.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.
Marshal D. Morgan and Norman D. Levin, of Levin, Morgan & Longo, LLC, Longwood, for Appellee.
EVANDER, J.
We affirm the trial court's imposition of a constructive trust on Mr. Kuketz' one-half legal interest in real property initially titled solely in Ms. Bibona's name. The evidence supports the trial court's conclusion that Ms. Bibona conveyed one-half interest in her home to Mr. Kuketz based on his promise to marry her when, in fact, Mr. Kuketz had no intent to marry Ms. Bibona. A court of equity may impose a constructive trust "where one, through actual fraud, abuse of confidence reposed and accepted, or through other questionable means gains something for himself which in equity and good conscience he should not be permitted to hold." Saporta v. Saporta, 766 So.2d 379, 381-82 (Fla. 3d DCA 2000) (quoting Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 422 (1927)); see also McElroy v. Gay, 155 Fla. 856, 22 So.2d 154 (1945). However, as conceded by Ms. Bibona, the trial court erred in two respects.
*897 First, there was no basis for the trial court to reserve jurisdiction on the issue of attorney's fees. Ms. Bibona never requested attorney's fees in her pleadings. Stockman v. Downs, 573 So.2d 835 (Fla. 1991). Second, the trial court should have ordered Ms. Bibona to satisfy or refinance the mortgage on the subject property so as to relieve Mr. Kuketz of his obligations under the existing mortgage.[1]Lang v. Horne, 156 Fla. 605, 23 So.2d 848-53 (1945).
AFFIRMED in part, REVERSED in part, REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The original purchase money mortgage was solely in Ms. Bibona's name. Shortly after Ms. Bibona conveyed a one-half interest in the property to Mr. Kuketz, she refinanced the property to obtain a better interest rate. Mr. Kuketz' name was added to the new mortgage. Ms. Bibona testified that she did not take any equity out of the house when she refinanced the mortgage and she did not otherwise need or rely on Mr. Kuketz' creditworthiness to be approved for the refinancing.