DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OFF THE WALL & GAMEROOM LLC,** a Florida for Profit Corporation,
Appellant,

v.

**VICTOR GABBAI,** as parent and legal guardian of
**MORRIS GABBAI,** a minor,
Appellee.

No. 4D19-2657

[August 12, 2020]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE 18-023237.

Alex P. Rosenthal, Amanda Jassem Jones, and Rhiannon Sforza-Flick, of Rosenthal Law Group, Weston, for appellant.

Douglas F. Eaton of Eaton & Wolk, PL, Miami, for appellee.

CONNER, J.

Off the Wall & Gameroom LLC ("the facility") appeals the denial of its motion to compel arbitration and the trial court's determination that a release and waiver fraudulently filled out by a minor to gain access to a trampoline facility is unconscionable and unenforceable. Because we determine (1) the trial court misapplied the law regarding the right of a minor to disaffirm his contract where the minor engaged in fraud to obtain the contract, and (2) the trial court erred in granting relief beyond that requested in the motion, we reverse and remand for further proceedings.

*Background*

The facility operates an indoor trampoline park and entertainment center. Before gaining access to its premises, the facility requires all participants to execute a release and waiver of liability, which includes an arbitration agreement. If a participant is under 18 years of age, the release and waiver must be executed by a parent or legal guardian. The parent or legal guardian must check a box certifying that he or she is the parent or

legal guardian of the minor participant. The release and waiver can be completed on paper, online before arrival at the facility, or at a computer kiosk inside the facility. After the release and waiver is completed, the participant can purchase a wristband from a cashier to gain access to the facility for a certain amount of time.

A thirteen-year-old child and two friends were dropped off at the facility by the child's older sister. His parents, who were out of town, did not give him permission to go to the facility. Prior to arriving, the child and his friends formed the intent to fraudulently submit releases and waivers purportedly signed by their parents to gain access to the trampolines. The child completed a release and waiver at a computer kiosk inside the facility. He entered his real name and date of birth for the child-participant, but entered a fictitious name of "Joseph Gabbai" for the "Signing Party," indicating Joseph as the "parent or legal guardian of the minor." He entered a birthdate for Joseph and entered a driver's license number, using the number from his sister's driver's license, which he had taken a picture of with his cell phone. He then entered Joseph's purported electronic signature on the form. After the child completed the release and waiver, the kiosk generated a receipt used to verify that the release and waiver is in the facility's database. Using the receipt, the child purchased a wristband from the cashier and gained access to the facility. The child was injured while using the trampolines, and his father ("Plaintiff") later sued the facility on his behalf.

The facility moved to compel arbitration based on the arbitration agreement in the release and waiver executed by "Joseph Gabbai" on the child's behalf. After Plaintiff responded and verified by affidavit that the release and waiver was not signed by the child's parent or legal guardian, the facility took the child's deposition and learned that the release and waiver was executed fraudulently. After the deposition, the facility amended its motion to compel arbitration, arguing that the child could not avoid enforcement of the arbitration agreement because he fraudulently represented that "Joseph Gabbai" was authorized to execute the release and waiver on his behalf and the facility relied on that representation to its detriment by granting the child access to its premises.

At the evidentiary hearing, the child testified to the facts of the execution of the release and waiver. He also testified that no one at the facility was supervising the computer kiosk where he completed the release and waiver. No one asked him for identification, asked him who "Joseph Gabbai" was, or asked to call his parent or guardian. He did not understand any of the legal terms in the release and waiver and did not know what arbitration was.

2

The director of operations for the facility testified that the facility does not require a parent or guardian to be present in order for a child to participate. Releases are often signed on paper or online before the child's arrival at the facility, and once a release is signed, it is permanently stored in the facility's computer system. The facility does not have any procedures in place to verify the information provided on the release and waiver form. The facility simply "assumes" the information is accurate. The operations director admitted there is nothing to prevent a child from completing a release and waiver with false information before arriving at the facility. As for the computer kiosks inside the facility, the facility does not have an employee assigned specifically to monitor them, but there are managers walking around the facility and if one of them "see[s] a kid at the waiver station, they're going to stop him."

The facility argued that the child should be bound by the arbitration agreement because a minor cannot avoid enforcement of a contract if he procured it through fraudulent misrepresentation. It also argued that it was justified in relying on the truth of the child's representations and did not have a duty to verify them. Plaintiff argued that the facility could not reasonably rely on the child's representations because it did not have any procedures in place to prevent minors from gaining access to the facility by providing false information. Plaintiff also argued that enforcing the release and waiver against the child would be unconscionable.

In its order denying the motion to compel arbitration, the trial court found: (1) the facility's reliance on the representations in the child's release and waiver was not reasonable; (2) the facility did nothing to investigate or verify the information which the child provided; (3) the facility did not substantially change its position in reliance on the child's representations; and (4) the entire release and waiver, including the arbitration provision, was unconscionable, void, and unenforceable. In addition to denying arbitration, the trial court declared the entire contract was unenforceable as unconscionable.

The facility gave notice of appeal.

*Appellate Analysis*

The facility contends the trial court erred in denying its motion to compel arbitration and in declaring the entire release and waiver document to be unconscionable, void, and unenforceable. We address each contention in turn.

3

*Arbitration Agreement*

We agree with the facility that the relevant inquiry on this issue is whether in Florida a minor can use the infancy defense to avoid a contract where the minor procured the contract by fraud. We also agree that in this case, the answer is "no."

Our supreme court has explained that "there are four elements of fraudulent misrepresentation: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation.'" *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (quoting *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)). Moreover, "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Id.* (quoting *Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980)). The facility contends that the child's fraudulent conduct to gain entry to use its trampolines estops Plaintiff from avoiding the release and waiver form containing the arbitration agreement on the basis of the child's status as a minor.

Generally, contracts entered into by minors are voidable. *Mossler Acceptance Co. v. Perlman*, 47 So. 2d 296, 298 (Fla. 1950). "The right of an infant to avoid his contract is one conferred by law for his protection against *his own improvidence* and the designs of others; . . . . It is the *policy of the law* to discourage adults from contracting with infants . . . ." *Putnal v. Walker*, 55 So. 844, 845 (Fla. 1911) (emphases added). In some circumstances, however, a minor may be estopped from avoiding a contract if he or she induced the other party to enter into the contract by fraud. *See Watkins v. Watkins*, 166 So. 577, 578–79 (Fla. 1936) ("If an estoppel can arise against an infant, all the elements of an estoppel must concur. The conduct of the infant must have been fraudulent, and believed in, relied on, and acted upon by the other party." (quoting 31 C.J. 1005)).

In *Perlman*, our supreme court held that a minor could not rescind an automobile sales contract because he induced the dealer to sell him the automobile by fraudulently misrepresenting that he was an adult. *Perlman*, 47 So. 2d. at 296–98. The Court explained that the minor was "estopped from taking advantage of his own wrong" in a court of equity because "the shield of infancy should not be turned into a sword with which to injure those dealing with them in good faith." *Id.* at 298.

4

In *McElroy v. Gay*, 22 So. 2d 154, 154 (Fla. 1945), the trial court dismissed a complaint alleging that the defendant, a minor female, fraudulently promised to marry the plaintiff if he would deed her a one-half interest in real property he owned. After the deed was given and recorded, the defendant refused to marry the plaintiff or deed her interest back to him. *Id.* The supreme court reversed the trial court order dismissing the case and remanded for further proceedings. *Id.* at 155. The court explained:

> Infants are no more entitled than adults to gain benefits to themselves by fraud. If the deed was procured by the means alleged[,] the defendant has no right either in morals or law to retain the fruits of her fraud. In such case[,] equity will require a cancellation of the deed and a return of the property.

*Id.*

The trial court in the instant case determined that arbitration could not be compelled because the facility could not reasonably rely on the release and waiver form since it did nothing to investigate or verify the information on the form. It appears the trial court reasoned that the facility should have implemented measures to ensure that a parent of the child signed the form. We conclude the trial court erred in this reasoning because our supreme court has made clear that in the context of conduct constituting an intentionally fraudulent misrepresentation, Florida law imposes no duty to investigate. *Butler*, 44 So. 3d at 105. Instead, reliance on a fraudulent misrepresentation is a complete defense "even though its falsity could have been ascertained had [the recipient] made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Id.* (quoting *Besett*, 389 So. 2d at 998).

Plaintiff argues that the falsity of the child's representations was obvious or could have been discovered through a cursory investigation, citing *Besett*, 389 So. 2d at 997 (recognizing that the recipient of a fraudulent representation is "required to use his senses" and cannot recover if the falsity would have been obvious if he had made "a cursory examination or investigation" (quoting Restatement (Second) of Torts § 541 (1976)), and *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 339 (Fla. 1997) (holding that the recipient of information is "responsible for investigating information that a reasonable person in the position of the recipient would be expected to investigate"). Plaintiff points out that the child entered a date of birth for "Joseph Gabbai" that was only eleven years before his own date of birth, and the driver's license number which the

child entered belonged to someone born in 1997 while the child represented that "Joseph Gabbai" was born in 1992. Plaintiff also points out that the release and waiver was time-stamped only a few minutes before the child approached the cashier to buy a wristband, and the cashier could have easily observed that he was not accompanied by an adult.

However, the facility argues that these factual issues were not raised below and points out that someone eleven years older than the child could have been his legal guardian. It argues that the falsity of the child's representations was not obvious because "Joseph Gabbai" shared his last name and address, and the driver's license number which the child entered was valid.

We disagree with Plaintiff's arguments that the child's misrepresentations were obvious or could have been discovered by a cursory investigation. We agree with the facility that the factual arguments raised on appeal were not raised below.[1] Moreover, the fact that "Joseph Gabbai" was purportedly eleven years older than the child does not negate the possibility that "Joseph," at age 24, was the child's legal guardian. The father presented no evidence that the average person can tell the birth year from a driver's license number. And it does not appear that the time span of a few minutes between filling out the form at a kiosk and then proceeding to counter to purchase a wristband makes it "obvious" that a child, rather than an adult, filled out the form at the kiosk.[2]

We also reject Plaintiff's arguments that equitable estoppel always requires reasonable reliance on the representation. It is true that we have said on more than one occasion that one of the elements of equitable estoppel is "reasonable reliance on [the] representation [of a material fact]." *Progressive Express Ins. Co. v. Camillo*, 80 So. 3d 394, 401 (Fla. 4th DCA 2012); *Curci Vill. Condo. Ass'n, Inc. v. Maria*, 14 So. 3d 1175, 1178 (Fla. 4th DCA 2009) (holding that no reasonable reliance on verbal statements where condominium declaration required written consent). A close

---

[1] The appellate record at this point does not reveal any pleading or motion seeking to declare the release and waiver unenforceable.

[2] We leave for another day the question of whether an ongoing pattern of failing to develop some measures to assure that a parent has signed the release and waiver form for a minor will constitute notice of fraud or failure to conduct a cursory investigation.

reading of the cases imposing a reasonable reliance standard reveals those cases do not involve fact patterns where intentionally fraudulent misrepresentations were used. As our supreme court has made clear:

> A person guilty of fraud should not be permitted to use the law as his shield. Nor should the law encourage negligence. However, when the choice is between the two – fraud and negligence – negligence is less objectionable than fraud. Though one should not be inattentive to one's business affairs, the law should not permit an inattentive person to suffer loss at the hands of a misrepresenter.

*Besett*, 389 So. 2d at 998.

In summary, the infancy defense is unavailable to Plaintiff because the child intentionally misrepresented the information on the release and waiver agreement. We therefore reverse and remand for further proceedings.

*Determination That Release and Waiver Was Unconscionable and Unenforceable*

The facility argues the trial court erred in finding that the entire release and waiver was unconscionable, void, and unenforceable because that issue was not before the trial court. *See, e.g., Lapciuc v. Lapciuc*, 275 So. 3d 242, 245 (Fla. 3d DCA 2019) (holding that due process considerations precluded the court from finding that the parties' contract was valid and enforceable when that issue was not raised in the motion and was beyond the scope of the hearing); *see also Wanda I. Rufin, P.A. v. Borga*, 294 So. 3d 916, 918 (Fla. 4th DCA 2020) ("A trial court violates a party's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing." (quoting *Rodriguez v. Santana*, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011))); *Williams v. Primerano*, 973 So. 2d 645, 647 (Fla. 4th DCA 2008) ("A trial court cannot determine matters not noticed for hearing or award relief not sought by the pleadings."). We agree with the facility's arguments.

We likewise agree with the facility's argument that the trial court's finding that the arbitration agreement was unconscionable was not supported by the evidence. Plaintiff did not demonstrate procedural or substantive unconscionability. *See AMS Staff Leasing, Inc. v. Taylor*, 158 So. 3d 682, 687 (Fla. 4th DCA 2015) ("To support a finding of unconscionability sufficient to invalidate an arbitration clause, the party opposing arbitration must establish both procedural and substantive

unconscionability."). Plaintiff correctly concedes error on this point. Thus, we reverse the trial court's determination that the entire release and waiver was unconscionable, void, and unenforceable and remand for further proceedings.

*Conclusion*

Having determined the trial court erred in denying the facility's motion to compel arbitration, we reverse and remand for the trial court to vacate the order denying arbitration. We further reverse the order determining the release and waiver fraudulently signed by the child was unconscionable and unenforceable, without prejudice to further attack the validity of the document.[3] We remand for further proceedings.

*Reversed and remanded with instructions.*

MAY and DAMOORGIAN, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] The appellate record at this point does not reveal that Plaintiff has filed anything to attack the release and waiver as unenforceable or unconscionable. Plaintiff simply argues on appeal that if the arbitration agreement is unenforceable due to the infancy defense, then the entire agreement must be unenforceable.